**In re Kay IVY and Mary Ivy, Debtors.**

**Bankruptcy No. 87–00833–C–11.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

June 3, 1988.

Norman W. Lampton, Columbia, Mo., for debtors.

Jerry W. Venters, Jefferson City, Mo., for Federal Land Bank.

## MEMORANDUM OPINION AND ORDER

FRANK W. KOGER, Bankruptcy Judge.

### FACTS

Federal Land Bank (FLB) objected to confirmation of the Chapter 12 debtors' proposed amendment to their confirmed plan which provides for the transfer of $2,900.00 of FLB stock to the FLB in partial payment of debtors' obligation to that entity.

### LAW

Section 1225(a)(3) provides that the Court shall confirm a plan if "the plan has been proposed in good faith and not by any means forbidden by law". FLB argues that debtors' plan conflicts with several federal laws including the Farm Credit Act and other related federal regulations.

The Farm Credit Act of 1971 (12 U.S.C. § 2001, *et seq.*) governs the operation of FLBs. 12 U.S.C. § 2002. FLB borrowers are required to hold FLB stock. 12 U.S.C. §§ 2016 and 2034(a). Title 12 U.S.C. § 2034(a) provides that the FLB has the sole discretion, under federal law, to cancel stock, and apply it to customer loans. If a FLB loan is in default, the FLB stock "may be cancelled for application the loan ... when approved by the [district land] bank". 12 U.S.C. § 2034(a). "[T]he bank may, but shall not be required to, retire and cancel all or part of any stock ... on which the bank has a lien as collateral for the debt ...". 12 C.F.R. § 615.5260(b).

### CHAPTER 11

Courts have not allowed Chapter 11 debtors to reduce their obligation to the FLB by

surrendering their stock because FLB and PCA are given the *sole discretion* under federal law, to cancel stock and apply it to customer loans. *See* 12 U.S.C. § 2034(a); 12 U.S.C. § 2094(k). Stock can only be cancelled at the direction of FLB or PCA, and cannot be cancelled upon the direction of the debtor. Courts have not read § 1129(b) as overriding the specific intent of Congress in enacting the Farm Credit Act to design a capital structure dependent upon long term direct borrower participation. *See In re Eisenbarth,* 77 B.R. 228, 235 (Bkrtcy.D.N.D.1987); *In re Foss,* 76 B.R. 719, 723 (Bkrtcy.D.N.D.1987).

For these reasons, in *In re Eisenbarth,* 77 B.R. 228, 235 (Bkrtcy.D.N.D.1987) the Court held that it was improper for debtors to retire or cancel FLB stock as part of their Chapter 11 plan when the Chapter 11 debtors attempted to retire their stock in FLB and reduce the value of FLB's secured claim by the amount of the debtors' outstanding stock. Similarly, the Court in *In re Foss,* 76 B.R. 719 (Bkrtcy.D.N.D.1987) believed that it was improper for the debtor to retire or cancel FLB or PCA stock as part of his Chapter 11 plan, and neither the claims of FLB or PCA could be reduced by the value of the debtor's stock in the respective organizations. *Id.* at 723. *See also In re Walker,* 48 B.R. 668 (Bkrtcy.D. S.D.1985). (Debtors could not retire or cancel Class B participation stock in Production Credit Association as part of their plans for reorganization under Chapter 11).

## CHAPTER 12

However, Chapter 12 "is emergency legislation which suspends a number of creditor protections which are available in Chapter 11 to facilitate family farmer reorganization". *In re Massengill,* 73 B.R. 1008 (Bkrtcy.E.D.N.C.1987). "If the Court refused to allow the surrender of FLB stock, the Court would frustrate the intent of Congress to rehabilitate family farmers". *In re Greseth,* 78 B.R. 936 (D.Minn.1987).

Chapter 12 allows the surrender of property securing a claim to the holder of the secured claim as part of a confirmed plan. § 1225(a)(5)(C). Also, a debtor may "pro-

vide for the sale of all or any part of the property of the estate or the distribution of all or any part of the property of the estate among those having an interest in such property". 11 U.S.C. § 1222(b)(8). The transfer of property, either in part or in whole to satisfy a secured claim is permitted in Chapter 12, under § 1222(b)(7) or (8) and § 1225(a)(5)(B) or (C).

In *Geseth,* 78 B.R. 936, the Court held that the provision of the Farm Credit Act which provides that Federal Land Bank stock shall be retired upon full repayment of a loan does not preclude Chapter 12 debtors from surrendering a portion of FLB stock to the extent the stock does not relate to FLB's allowed claim. The Court held that it was "doubtful that a decision by the Court to allow surrender of the stock would bring dire consequences to the FLB ... [T]he stock surrendered relates only to the portion of the loan that is written off due in large part to the reduced value of debtors' land". *Id.* "The federal interest in maintaining the farm credit program thus is substantially outweighed by Congress' intent to aid family farmers through chapter 12". *Id.* at 943.

Similarly in *In re Massengill,* 73 B.R. 1008, the Bankruptcy Court held that Chapter 12 debtors could surrender Federal Land Bank and Production Credit Association stock at face value as part of their plan upon confirmation of those entities in satisfaction of an equivalent amount of debt owed by debtors. The Court in *Massengill* approved the surrender of FLB stock because the intent of Congress was to allow farmer debtors to have flexibility dealing with their financial crises. *Massengill* at 1012. Furthermore, Congress intended that farm debtors be allowed to reduce their secured claims in order to reorganize successfully.

Finally, the Court in *In re Indreland,* 77 B.R. 268 (Bkrtcy.D.Mont.1987), held that the transfer of property to satisfy a secured claim is permitted in Chapter 12.

## VALUATION

The Court in *Massengill* used face (par) value of stock to determine the appropriate

amount to offset the redeemed stock against the debt. The stock is to be retired at book value not to exceed par or the face amount. 12 U.S.C. § 2034(a). Further, the Court held that the stock value should not be discounted because although the stock is not usually redeemed until the loan is paid in full, the FLB had the right to redeem the stock immediately at their discretion. *Massengill* at 1013.

The face value of FLB stock held by debtors in this case is $2,900.00. Thus, the debtors may surrender their FLB stock and reduce their debt to that entity by $2,900.00, or at book value, whichever is less.

The foregoing shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.